Attorneys—Kreuger & Pelton, for Insurance Co.; Musser, Kimber & Huffman, for Booth.

## No. 609

### BALTIMORE & O. R. v. WAREHOUSE CO.

Ohio Appeals, 9th District, Summit County
No. 642. Decided May 16, 1923

This opinion has not been published except in Abstract.

**WAREHOUSEMAN—Liability for loss of goods stored by R. R.**

PARDEE, J.:

### Epitomized Opinion

R. R. sued Warehouse Company in Summit Common Pleas for damages from breach of contract of indemnity growing out of loss of starch stored by R. R. in Company's Akron warehouse. Jury was waived and trial court found for defendant. R. R. prosecuted error. January 12, 1921, Stein, Hall & Co. delivered to R. R at Cleveland, consignment of starch to be sent to Firch Bakery Co., Akron. Consignment reached Akron Jan. 14, and on same day consignee was notified. On that day consignor notified R. R. to reconsign starch to Firch Bakery Co., Erie, Pa. Reconsignment instructions were issued Jan. 17 and received by R. R.'s Akron agent Jan. 19. On Jan. 18 starch was turned over to Warehouse Co. Jan. 21 reconsignment instructions were issued to Warehouse Co., but on Jan. 22, before instructions were complied with, starch was destroyed by fire in Company's warehouse. R. R. paid shipper full value of starch. July 26, 1919, R. R. while under Federal control, and Warehousee Co., made a written agreement whereby Warehouse Co. agreed to store for R. R. unclaimed freight which would not be removed by consignee from freight station within time allowed by R. R. Agreement provided Warehouse Co. shou'd indemnify, protect and save harmless R. R. from all claims asserted on account of freight. Defendant contended this agreement did not enlarge its liability and that agreement had expired as Federal control of R. Rs expired March 1, 1920. R. R. continued to store freight with Warehouse Co. after Federal control terminated. Court of Appeals in affirming judgment held:

## CURRENT COURT OF APPEAL CASES--Continued

1. This agreement was automatically extended by conduct of the parties and was in effect at the time this freight was received by Warehouse Co.

2. The Warehouse Co. received the goods as a warehouseman and under the terms of the contract.

3. By this contract Warehouse Co. did not intend to agree to deliver freight at all events and under all circumstances whether negligent or not. It intended to agree to use the degree of care ordinarily required.

Attorneys—Waters, Andress, Southworth, Wise & Maxon and P. C. Weick, for Baltimore & Ohio R. R.; C. H. Workman and Whittemore & Motz, for Warehouse Co.